**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-24777-CIV-ALTONAGA/Torres

QRSKIN USA, INC.,

Plaintiff,

v.

APALOO GMBH and APALOO CORP.,

Defendants.

______________________________/

**DEFENDANTS' RENEWED MOTION TO STAY THE ACTION AND COMPEL ARBITRATION, AND INCORPORATED MEMORANDUM OF LAW**

Defendants Apaloo GmbH and Apaloo Corp. (together, "Apaloo"), pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208, and Section 3 of the FAA, 9 U.S.C. § 3, renew their motion to compel arbitration and respectfully move the Court to stay all proceedings in this action pending the arbitration that Plaintiff QRSkin USA, Inc. ("QRSkin") has now commenced before the German Arbitration Institute ("DIS") in Berlin. The Court denied Apaloo's prior motion to compel [ECF No. 21] without prejudice for a single, now-resolved reason: the record did not yet confirm that an arbitration had been commenced. (Order [ECF No. 29] at 19–21.) That gap is closed. QRSkin filed its Request for Arbitration with the DIS on October 12, 2026, and Apaloo GmbH received it on October 29, 2026. The one condition the Court placed on renewal having been satisfied, the Court should now compel arbitration of QRSkin's claims and stay this action.

## MEMORANDUM OF LAW

### I. BACKGROUND

QRSkin's claims arise out of the parties' License and Distribution Agreement dated January 17, 2020 (the "Agreement") [ECF No. 1-2]. Section 9.3 of the Agreement provides that "[a]ll disputes arising out of or in connection with this contract or its validity shall be finally settled in accordance with the Arbitration Rules of the German Arbitration Institute [DIS] . . . without recourse to the ordinary courts of law," that the seat of arbitration is Berlin, and that German law governs the merits. [ECF No. 1-2 at 15, § 9.3]; (Order at 4.)

On August 10, 2026, Apaloo moved to compel arbitration under the Convention or, in the alternative, to dismiss. [ECF No. 21.] QRSkin opposed [ECF No. 23], and Apaloo replied [ECF No. 24]. On October 6, 2026, the Court resolved two of the three issues presented. First, it held that it has specific personal jurisdiction over Apaloo GmbH. (Order at 7–17.) Second, it recognized that the Convention's prerequisites to arbitration are satisfied and that "there is . . . no dispute that the merits of Plaintiff's claims belong in arbitration in Germany." (Order at 19.) The Court nevertheless denied the motion to compel "without prejudice to refiling after the status of arbitration is confirmed," explaining that, "[w]ithout knowing whether arbitration has even begun," it was "hard-pressed to decide" whether QRSkin's request for interim relief was properly before it. (Order at 20–21.) The Court directed QRSkin to notify it of the status of any arbitration. (Order at 22.)

QRSkin has now confirmed what Apaloo's prior motion anticipated: the parties' dispute is headed to the DIS. QRSkin commenced the DIS arbitration against Apaloo GmbH by filing its Request for Arbitration on October 12, 2026. (Notice [ECF No. 30] at 1–2; Decl. of Philipp Wagner [ECF No. 30-1] ¶ 3.) The DIS has transmitted the Request, which Apaloo GmbH received on October 29, 2026. (Decl. of Andreas Jetter ¶ 7.) The predicate condition for renewal that the Court identified is therefore satisfied, and the threshold question of

personal jurisdiction the Court previously flagged has been resolved in QRSkin's favor. (Order at 17.)

## II. THE CONVENTION AND THE FAA REQUIRE ARBITRATION OF QRSKIN'S CLAIMS, AS THE COURT HAS ALREADY RECOGNIZED.

Where an arbitration agreement falls under the Convention, the Court's inquiry is "very limited": it asks only whether (1) there is a written agreement to arbitrate; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen or the relationship has a reasonable relation with a foreign state. (Order at 18–19 (quoting *Chemaly v. Lampert*, 174 F.4th 843, 850 (11th Cir. 2026)).) If those prerequisites are met and no Convention defense applies, the Court "must order arbitration." *Id.*

Each prerequisite is satisfied here, as the Court has already observed and QRSkin has never contested. (Order at 18–19.) Section 9.3 is a written agreement to arbitrate; it provides for arbitration in Berlin, Germany, a Convention signatory; it arises from a commercial licensing and distribution relationship; and Apaloo GmbH is a German entity. (Order at 18–19; [ECF No. 1-2 at 15, § 9.3].) QRSkin "has never resisted arbitration of the merits." (Order at 19 (quoting QRSkin's response).) There is accordingly "no dispute that the merits of Plaintiff's claims belong in arbitration in Germany." (Order at 19.) Because a dispute subject to the Convention must be referred to arbitration, the Court should compel arbitration of QRSkin's claims. *See* 9 U.S.C. §§ 206, 201; *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986).

The Court need not separately resolve whether Apaloo Corp. is a party to the Agreement before compelling arbitration. The Convention "does not conflict with the enforcement of arbitration agreements by nonsignatories under domestic-law equitable

estoppel doctrines," *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 445 (2020), and QRSkin's claims against Apaloo Corp. rest entirely on the Agreement and on allegedly concerted conduct with Apaloo GmbH. (Compl. [ECF No. 1] ¶¶ 100, 112.) QRSkin itself alleges that Apaloo Corp. "joined the Agreement by implied consent" and acted as Apaloo GmbH's agent. (*Id.* ¶ 100.) A plaintiff cannot rely on a contract to assert its claims while avoiding that contract's arbitration clause as against a closely related defendant.

## III. THE ONLY CONDITION THE COURT PLACED ON RENEWAL IS NOW SATISFIED.

The Court denied the prior motion to compel without prejudice for one reason: the record did not establish that an arbitration had been commenced, leaving the Court unable to assess the status and timing of the arbitral process. (Order at 20–21.) The Court expressly contemplated "refiling after the status of arbitration is confirmed." (Order at 21.) That event has occurred. QRSkin has commenced the DIS arbitration, and Apaloo GmbH has received the transmitted Request. (Notice [ECF No. 30] at 1–2; [ECF No. 30-1] ¶ 3; Jetter Decl. ¶ 7.) A denial without prejudice invites exactly this renewal once the stated condition is met, and nothing in the Order forecloses it. The motion is properly before the Court on the record the Court said it needed.

## IV. THE COURT MUST STAY THIS ACTION PENDING ARBITRATION.

Section 3 of the FAA provides that, upon being satisfied that an issue is referable to arbitration, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has confirmed that this language is mandatory: "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 . . . compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The Court "does not have discretion to dismiss the suit on the basis that all the

claims are subject to arbitration," nor to deny a requested stay. *Id.* at 475–76. Apaloo requests a stay. Because the parties agree the merits are arbitrable (Order at 19), § 3 requires the Court to stay this action pending the DIS arbitration.

A stay — not continued litigation — is also the course that respects the forum the parties chose. QRSkin agreed that all disputes would be "finally settled" by the DIS "without recourse to the ordinary courts of law." [ECF No. 1-2 at 15, § 9.3.] Staying the action preserves the tribunal's authority to decide the merits, consistent with the parties' bargain and with this Court's recognition that those merits belong in arbitration.

## V. APALOO HAS NOT WAIVED ARBITRATION, AND ITS DEADLINE TO RESPOND TO THE COMPLAINT SHOULD BE STAYED.

Apaloo has demanded arbitration at every stage of this case. It moved to compel arbitration as its first substantive response to the Complaint [ECF No. 21], pressed that position on reply [ECF No. 24], and renews it now at the first point the Court said it could. A party waives arbitration only by "act[ing] inconsistently with the arbitration right" — by "substantially invok[ing] the litigation machinery prior to demanding arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012); *see Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) (waiver turns on whether a party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right"). Apaloo has done the opposite. Testing the Complaint through a Rule 12 motion does not waive arbitration, *see Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n.17 (11th Cir. 2011), and Apaloo has engaged in no discovery and taken no step inconsistent with its consistently asserted intent to arbitrate.

Because the Court should stay the action, Apaloo respectfully requests that the Court stay its deadline to respond to the Complaint pending resolution of this motion. Requiring Apaloo to answer the merits now — of claims the parties agree are arbitrable — would waste the parties' and the Court's resources and sit uneasily with the stay the FAA

mandates. Should the Court deny this motion, Apaloo requests fourteen days from the date of that ruling to respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

**CONCLUSION**

The sole condition on which the Court denied Apaloo's prior motion has been satisfied: QRSkin has commenced the DIS arbitration. Apaloo respectfully requests that the Court (1) compel arbitration of QRSkin's claims before the DIS; (2) stay this action under 9 U.S.C. § 3 pending the arbitration; and (3) stay Apaloo's deadline to respond to the Complaint pending resolution of this motion, with any response due within fourteen days of a denial.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel has made reasonable efforts to confer with counsel for QRSkin regarding the relief sought in this Motion but, as of filing, has been unable to do so. Specifically, on November 3, 2026, at approximately 10:00 p.m. ET, undersigned counsel emailed counsel for QRSkin (Timothy A. Kolaya and Matthew DellaBetta) identifying the relief sought — an order holding Defendants' deadline to respond to the Complaint in abeyance and staying this action and compelling arbitration — and requesting QRSkin's position before the filing deadline. As of the time of filing, QRSkin had not responded to that request. Based on QRSkin's opposition to Defendants' prior motion to compel arbitration [ECF No. 23] and the positions stated in its Notice of Status of Arbitration [ECF No. 30], Defendants understand QRSkin to oppose the relief requested. Undersigned counsel will continue to confer with counsel for QRSkin and will supplement this certification as appropriate.

Respectfully submitted,

*/s/ Christopher D. Cathey*

Christopher D. Cathey, Esq.
Florida Bar No.: 663255
GORDON REES SCULLY MANSUKHANI, LLP
100 SE Third Avenue, 10th Floor
Fort Lauderdale, Florida 33394
Office Telephone: (305) 428-5336
Primary E-mail: ccathey@grsm.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 3, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will serve a copy on all counsel of record.

*/s/ Christopher D. Cathey*
Christopher D. Cathey